IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID K. BARTLE                                                          PLAINTIFF

vs.                                    CIVIL NO. 05-3060

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## MEMORANDUM OPINION

David Bartle ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act

("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

the Social Security Administration denying his applications for disability insurance benefits ("DIB")

and supplemental security income ("SSI"), under Titles II and XVI of the Act.

### Background:

The applications for DIB and SSI now before this court were filed on April 21, 2003, and

August 20, 2003, respectively, alleging an onset date of September 1, 2001, due to skin cancer, loose

bowel syndrome, reflux, an overactive bladder, chronic back pain, osteoarthritis, degenerative disc

disease, a cartilage abnormality in his nose impairing his ability to sleep, and an affective disorder.

(Tr. 46-48, 53, 163-179). An administrative hearing was held on March 25, 2005. (Tr. 192-208).

At the time of the administrative hearing, plaintiff was sixty-two years old and possessed an

eighth grade education. (Tr. 196). The record reveals that he had past relevant work ("PRW")

experience as a saw mill worker. (Tr. 73, 196-197).

The Administrative Law Judge ("ALJ"), rendered an unfavorable decision on April 22, 2005.

(Tr. 11-20). He concluded that plaintiff's impairments were severe but determined that they did not

meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 19). The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to perform a full range of medium work. Utilizing the Medical-Vocational Guidelines (the "Grids"), the ALJ then concluded that plaintiff could perform work that exists in significant numbers in the national economy. (Tr. 19).

On September 21, 2005, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

2

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

AO72A
(Rev. 8/82)

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

On October 13, 2003, Dr. James Justice, plaintiff's treating physician, wrote a letter indicating that plaintiff was intellectually challenged, and that his qualification for menial physical labor was dubious due to his age. (Tr. 128).

On October 31, 2003, Dr. Justice again concluded that plaintiff had a limited mental capacity and education. (Tr. 129-136). Further, he stated that plaintiff was unable to perform the menial tasks that he had performed as a younger man due to back and neck pain. (Tr. 129-136).

4

On December 23, 2003, Dr. William C. Nichols, a clinical psychologist, performed a mental status exam and evaluation of plaintiff's adaptive functioning. (Tr. 137-142). Intellectual testing revealed that plaintiff possessed a full scale intelligence quotient ("I.Q.") of ninety-one, which correlated to an overall average range of intelligence. (Tr. 140). However, there was a significant discrepancy between his verbal and performance I.Q.'s indicating that his verbal reasoning was more developed than his nonverbal intelligence. (Tr. 140). Dr. Nichols also noted that plaintiff had no problems with mental process; his concentration, persistence, and pace were within normal limits; he was able to remember directions of simple to moderate complexity; and, he could manage funds without assistance. (Tr. 138, 140-141). However, Dr. Nichols also concluded that plaintiff had a global assessment of functioning score of sixty. In addition, he determined that plaintiff's mental and motor speed were slower than usual which might make keeping pace more difficult for him in some situations. (Tr. 141).

We note that a GAF of sixty is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV 34 (4th ed. Revised 2000). In spite of this, however, the ALJ concluded that plaintiff could perform a full range of medium level work which clearly fails to take into account any of plaintiff's mental limitations. As such, we believe that remand in necessary to allow the ALJ to reevaluate plaintiff's RFC in light of his mental impairments.

On remand, the ALJ should also call a vocational expert to testify regarding plaintiff's ability to perform work that exists in significant numbers in the national economy. *Groeper v. Sullivan,* 932

AO72A
(Rev. 8/82)

F.2d 1234, 1235 n. 1 (8th Cir. 1991) (holding that when a claimant suffers from non-exertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize the testimony of a vocational expert).

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this <u>30th</u> day of October 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)